## John May *vs.* Azarias Williams.

A count in a declaration as *bailiff* and *receiver*, brought by one plaintiff against one defendant, and stating, that plaintiff and defendant and some other person were tenants in common, &c. is bad. The remedy must be in chancery.

So, if the same count charges, that the defendant received money to expend on the common premises, and refuses to account: this is bad.

A count as *receiver*, without stating what monies were received, or of whom received, is bad on demurrer.

Three counts, one as *bailiff* and *receiver*, one as *receiver*, and one in common *book account* form, cannot be joined , but are bad on demurrer.

The declaration, in this case, contained three counts. The defendant demurred specially, and the county court adjudged the declaration insufficient. The plaintiff filed exceptions to this decision, upon which the action was brought up to this Court. The demurrer was argued this term. The defendant's counsel expected also to urge the sufficiency of a plea in abatement, pleaded in the county court, and overruled there. But no exception appears to have been taken, in the county court, to this decision, it was, therefore, abandoned as not before the Court.

In the first of the three counts demurred to, the plaintiff alleged

Essex,
*March,*
1831.

May
*vs.*
Williams.

that he, at such a time, was lawfully seized in fee simple of one undivided fourth part of three acres of land, as tenant in common with the defendant and other persons to the plaintiff unknown ; also of one undivided moiety of a grist mill on the same land, as tenant in common with the defendant ; and that the defendant, during all the time, &c. had the care and management, and took the issues and profits, of the same, and received more than his share, &c. ; also, that the defendant received large sums from the plaintiff to expend in repairs on said premises, &c. and ought to have rendered an account, &c. but had not, and refused, &c. The second count charged, that the defendant, from the day of, &c. to the date of said writ, was the *receiver* of the monies of the plaintiff, to wit, at, &c. ; and also received divers sums of money of divers persons to the plaintiff unknown, for the use of the plaintiff, and ought to have rendered his reasonable account, &c. but refused so to do. The third count was a count in common form on *book account.*

To this declaration the defendant demurred, assigning special causes ; among which were duplicity in the first count, and the joining in the same declaration causes of action that could not be legally joined ; and that, in the count as *receiver*, it was not alleged of whom the money was received.

*Argument for the plaintiff, in support of his exceptions to the decision of the county court, which were in nature of an assignment of errors.*—The first question is, whether these counts can be joined. The 2d. section of the statute (p. 142,) in relation to actions of *account*, provides, that actions of *account* may be sustained on *book account*, and that the same proceedings shall be had as in common actions, &c. Our action on *book* is an action of *account*, and all the regulations contained in the aforesaid act apply to it. True a count on *book* and a count by one joint tenant against another differ ; and so do a count on note, and one for money lent ; yet these latter are of the same nature requiring the same judgment, and are every day joined. The same is the case with the former ; and they may, of course, be united.—1 *Chitty's Pl.,* 180.

The second question is, whether it was necessary in the two first counts, or either, to set out the names of the persons of whom defendant received money. Formerly a distinction was kept up between a *bailiff* and a *receiver :* the one was applied to a person, who had charge of lands or goods for another ; the other a re-

ESSEX,
*March,*
1831.

May
*vs.*
Williams.

ceiver of money only ; and it was said,that,in the latter case,it was necessary to designate the persons, of whom the money was received.—1 *Swift's Dig.*, 579 ; *Bull. N. P.* 127 ; *Coke Litt.* 172. *(a).* This distinction,however, seems to have become obsolete both here and in Connecticut,and *bailiff* and *receiver* are confounded in the same declaration.—*Swift,* 580 ; *Brayt. Rep.* 22 ; 2 *D. Chip. Rep.* 91, *Moore vs. Wilson.* This last case was by one partner against another, setting out that defendant had received more than his due share. Defendant demurred, because it was not declared of whom he received monies, &c. The demurrer was overruled ; the court deciding, that, when money was received in consequence of a certain relation between parties, as partners, joint tenants, &c., it was unnecessary to designate of whom the money was received. If no privity existed anterior to the receipt of money, but was constituted solely by the receipt of it, then, otherwise. See *Forms,* 2 *Swift,* 618–19 ; 564–5 *:* As to pleadings, see 1 *do.* 725.

*Argument for the defendant.*—For the defendant,it is contended, that plaintiff's first count is double. He charges the defendant as being tenant in common with the plaintiff. He declares against the defendant as *bailiff*, and, in the same count, as *receiver.* The declaration must not be double. That is, no single count should state two or more facts, either of which, of itself, constitutes a sufficient ground of action. 1 *Chitt. Pl.* 231. Defendant should traverse the tenancy in common ; but this would not meet the other parts of the first count.—1 *Chitty,* 483. The general issue in this action is, that defendant was *not bailiff* and *receiver.*—1 *Swift's Dig.* 725. Plaintiff has not in his second count declared of whom the defendant received the money, and has joined, in his declaration, different counts, that could not by law be joined.—1 *Sw. Dig.* 579. He has, in his first count, charged defendant as *bailiff:* in his second as *receiver* ; and, in his third, he has declared against the defendant in an action on *book account.*

When the same plea may be pleaded, and the same judgment given, on all the counts, they may be joined ; but not otherwise. —1 *Chitt.* 199.

HUTCHINSON. C. J., after stating the case, pronounced the opinion of the Court.—There is no way to support this first count, in point either of its form, or its substance. It charges three dis-

FF

Essex,
March,
1831.

May
vs.
Williams.

tinct matters; one, that plaintiff and defendant were tenants in common of a grist mill, on a certain three acres of land; one, that plaintiff and defendant, and other persons, were tenants in common of the same three acres of land; and a third, that the defendant received money of the plaintiff to expend on the same three acres of land. No general issue can meet these several matters. It would require three general issues; one, that the defendant never was tenant in common with the plaintiff: one, that the defendant, and these unknown persons, never were tenants in common with the plaintiff; and the third, that the defendant never received the money to expend on said premises, as charged in this first count. Again, in what relates to the grist mill, the plaintiff and defendant form the only parties to account with each other, as the facts are charged. So of the monies received by the defendant of the plaintiff, so far as the same were expended on the gristmill: but so far as the defendant had the management of the three acres of land, and expended on the same the monies he received of the plaintiff to expend there, or any thing that concerns the rents, issues and profits of the same land, the accounting must be between the plaintiff and the defendant, and those persons unknown: and this cannot be done in an action at law; but resort must be had to a court of chancery, where a decree can be adapted to the rights of each of the several parties. Each class of objections is fatal to this count.

The objections to the second count, are that the defendant is charged as receiver, without naming what monies he received, or of whom he received the same. Actions of account, as receiver only, are become nearly obsolete. There is no reason why such an action should be sustained at all. Under the general issue, never receiver, the parties are not admitted to their oaths; and the jury must decide this issue upon common law proof; and the whole may as well be tried in an action for money had and received, and let the jury, in their verdict, return the sum due. But, where the money is received for a particular purpose, to be used by the receiver in trade and merchandize, and charge his expenditures, and account for the profits, there must be an accounting before auditors. And he is termed the bailiff of the money he so receives to use and trade for the person delivering the same. But, when the only matter charged, to make the defendant liable, is the receipt of the money, the authorities are clear, that the plaintiff must allege what money was received, and from whom, as insist-

Essex,
March,
1831.

May
vs.
Williams.

ed by the defendant's counsel. Yet, where the ground of liability is, as is mentioned in the case cited from *D. Chipman's Reports*, a privity or connection as a partner, or as principal and agent, or bailor and bailee, the nature of which leads to an habitual receiving, and disposing of property, the allegation of that privity, and of the receiving of divers sums, &c. in consequence of it, is sufficient, without stating the sums or the persons from whom received. This points to a class of cases, in which it is said, the distinction between bailiff and receiver is confounded, and become obsolete. Whenever a man becomes bailiff of property to trade upon, and receives money from time to time in the performance of his duty as such bailiff, he is accountable to the bailor, both for the property originally bailed him, and for these several sums received by him, in the execution of his duties as bailiff. Now, there must not be two actions of account in this case, one for the property first delivered, charging him as bailiff, and one for the after sums, charging him as receiver. Both should be comprised in one suit; and that should be as bailiff and receiver; and the declaration should state, that the defendant was bailiff of the plaintiff, of the property first delivered, to use so and so, and, in so doing, he received divers sums of money, &c., and refuses to account, &c. The Court consider this second count insufficient. It charges the defendant as receiver only, and fails to allege the sums received, or from whom received, or any privity dispensing with such averments.

The third count is good in itself, being in the statute form on book account, yet is objected to on the ground of misjoinder. It is said not to come within the rule laid down in the books, where the same plea may be pleaded, and the same judgement given, on the several counts. In general actions of account, there is a general issue, according to the foundation of the claim. These vary, as, never bailiff; never partners; not tenants in common, &c. and to this declaration on book, there is no general issue; but objections to accounting must come in by a special plea. But, in all, a judgement for the plaintiff is merely that defendant account. Then all alike go to auditors. Now, as all regular counts, in such cases as are aimed at in this declaration, may be met by special pleas, and a verdict follow the several issues joined, to allow the joinder of such counts would hardly be a greater departure from the rule above referred to, than the authority cited, of the joinder of debt on specialty and debt on simple contract. But the difficulty is not removed when judgment is rendered to account, and

Essex,
*March*,
1831.

———

May
*vs.*
Williams.

the claims are submitted to auditors. It would not be more impracticable for trover and assumpsit to go to the jury together, than for these several claims to be submitted to the same auditors, at the same time, and as one action, for them to return the general balance due to either party. No two claims are more dissimilar in their nature, than the items of a book account, and the subject matter of account as bailiff and receiver. In the book account action, the items of the account cannot be recovered, unless articles delivered are delivered as a sale ; and services performed must have been performed at request, and hence be presumed for the benefit, of the other. In the proper action of account, if any title vests in the bailee, the item cannot be recovered. And, in all the duties as bailiff, his faithfulness or unfaithfulness may be an important subject of enquiry. As to the property belonging to the bailor, a seasonable delivery back is good accounting, so far ; and the accounts must be taken upon the plan of treating all the property on hand as belonging to the plaintiff, unless the defendant has made it his own by a refusal to deliver it up, when requested, or according to the terms of the bailment. This is the first attempt we have known to join such counts in one declaration ; and there are so great difficulties attending it, we feel no disposition to encourage it ; but must affirm the judgement of the county court. If, however, the plaintiff has any proper claim on book, against the defendant, and wishes to amend by erasing the two first counts, we may reverse the judgment *pro forma*, and permit the amendment on terms. No such course being requested, let judgment be entered, that the plaintiff's declaration is insufficient, and

The judgement of the county court is affirmed.

*Davis & Cushman*, for plaintiff.

*Hibbard & Fletcher*, for defendant.